**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREER, BURNS & CRAIN, LTD., | Case No. 23-cv-14812 |
| Plaintiff, | |
| | **JURY TRIAL DEMANDED** |
| v. | |
| OWNER AND OPERATOR OF GBCS.LAW, | |
| Defendant. | |

### COMPLAINT

Plaintiff Greer, Burns & Crain, Ltd. ("GBC" or "Plaintiff") hereby brings the present action against the owner and operator of the gbcs.law domain ("Defendant") and alleges as follows:

### I. INTRODUCTION

1. GBC filed this action to address Defendant's unauthorized use of GBC's trademarks and name to impersonate GBC attorneys in conjunction with Defendant's gbcs.law domain. GBC has been and continues to be irreparably damaged by Defendants' use of its trademarks and name to impersonate GBC attorneys and seeks injunctive and monetary relief.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.  This Court may properly exercise personal jurisdiction over Defendant because Defendant's actions cause harm to GBC's business within this Judicial District.  Defendant, without authorization from GBC, is using GBC's trademarks and name to fraudulently misrepresent themself to third parties as GBC attorneys who are involved in cases before the U.S. District Court for the Northern District of Illinois.  As such, Defendant's actions interfere with the adjudication of GBC's cases in this Judicial District, and Defendant has wrongfully caused GBC substantial injury in the State of Illinois.

### III. THE PARTIES

**Plaintiff GBC**

4.     GBC is a limited company organized and existing under the laws of the State of Illinois having its principal place of business in Chicago, Illinois 60606.

5.     GBC is a law firm that was established in 1994.  GBC operates a website at gbc.law where it advertises and promotes its legal services. GBC's practice focuses on providing intellectual property related legal services, including trademark and anticounterfeiting litigation. GBC's litigation practice and success in combating online counterfeiting have made it well known among brand owners.

6.     GBC uses its trademark and name "Greer, Burns & Crain" and logo  in connection with its legal services and in the normal course of business (together, the "GBC Trademarks").  As a result of its long-standing use, GBC owns common law trademark rights in its GBC Trademarks.

7.     The GBC Trademarks are inherently distinctive and/or have acquired distinctiveness, and they serve to identify GBC as the source of GBC provided legal services.

8. The GBC Trademarks are exclusive to GBC and are displayed extensively on, among other things, GBC's website at gbc.law and on GBC employee email communications.

9. As mentioned above, GBC has a trademark and anticounterfeiting legal practice group that, among other services, provides legal strategies and enforcement efforts to protect brand owners against counterfeiters. These enforcement efforts include cases filed in this Judicial District against individuals and entities identified to be selling counterfeit or infringing products. As part of these lawsuits, GBC obtains injunctions to stop the sale of counterfeit products, seize domain names used to sell counterfeit products, and restrain assets so that an equitable accounting of profits from sales of counterfeit products is available to rightsholders and to ensure compliance with the injunction.

10. In connection with GBC's anti-counterfeiting cases filed on behalf of rightsholders in this Judicial District, GBC employees frequently request online marketplace platforms to lift asset restraints once settlements have been reached and defendants have been dismissed from a case. Emails sent by GBC employees, on behalf of GBC, to third parties include a signature block that contains the name of the sender, GBC's contact information, and the GBC Trademarks.

**Defendant**

11. Defendant is an individual or business entity who, on information and belief, resides in China. On information and belief, Defendant is associated with cases in this Judicial District where GBC is representing a rightsholder, including N.D. Ill. Case No. 23-cv-3655.

### IV. DEFENDANT'S UNLAWFUL CONDUCT

12. Defendant owns and operates the domain gbcs.law ("gbcs.law Domain"). The gbcs.law Domain is identical to Plaintiff's gbc.law domain with the addition of an "s."

13. Defendant has set up email accounts using the gbcs.law Domain that have been used to impersonate GBC employees, including at least one GBC attorney. Without GBC's

authorization, Defendant has contacted online marketplace platforms using the gbcs.law Domain email addresses to request the release of Court-ordered asset restraints on certain defendants' financial accounts that are associated with trademark infringement and anti-counterfeiting cases in this Judicial District. Attached hereto as **Exhibits 1, 2 and 3** are examples of fraudulent emails sent by Defendant to online marketplace platforms.

14.     To deceive the online marketplace platforms, Defendant uses a GBC attorney's signature block, which includes the GBC Trademarks and GBC's domain name gbc.law. GBC's genuine and Defendant's fraudulent attorney signature blocks are shown in this chart:

| GBC Attorney Signature Block | Fraudulent Email Signature Block |
|---|---|
| Justin Joseph \| ATTORNEY AT LAW<br>GREER BURNS & CRAIN LTD.<br>300 S. Wacker Dr. Suite 2500 \| Chicago, IL 60606 \| Direct: (312) 987.4009 \| Main: (312) 360.0080 \| Fax: (312) 360.9315 \| www.gbc.law<br>CONFIDENTIALITY NOTE: This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation. | Justin Joseph \| ATTORNEY AT LAW<br>GREER BURNS & CRAIN LTD.<br>INTELLECTUAL PROPERTY LAW<br>300 S. Wacker Dr. Suite 2500 \| Chicago, IL 60606 \| Main: (312) 360.0080 \| Fax: (312) 360.9315 \| www.gbc.law<br>CONFIDENTIALITY NOTE: This electronic mail may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by return electronic mail and destroy this mail immediately. Thank you for your cooperation. |

15.     Included in Defendant's requests to the online marketplace platforms are falsified court documents that were altered to reflect the dismissal of certain defendants from a case when the subject defendants had, in fact, not been dismissed. For example, **Exhibit 4** contains true copies of docket entries [33]-[34] that were entered for N.D. Ill. Case No. 23-cv-3696. Attached hereto as **Exhibit 5** are Defendant's altered versions of docket entries [33]-[34] from N.D. Ill. Case No. 23-cv-3696, which included a fabricated minute entry [34]. Defendant sent these falsified Court documents to the online marketplace platform Amazon.com, Inc. ("Amazon") in an attempt to have Amazon lift an asset restraint for a defendant that had not been dismissed from N.D. Ill. Case No. 23-cv-3696.

16.     Defendant's unauthorized use of the GBC Trademarks in this manner is likely to cause and has caused confusion, mistake, and deception, and is irreparably harming GBC.

## COUNT I
## FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

17.     GBC hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

18.     Notwithstanding GBC's rights in the GBC Trademarks, Defendant has used and continues to use the GBC Trademarks without GBC's permission.

19.     Defendant's unauthorized use of the GBC Trademarks in connection with fraudulent legal services creates a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with GBC or the origin, sponsorship, or approval of Defendant's fraudulent legal services by GBC.

20.     By using the GBC Trademarks in connection with the fraudulent legal services, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of Defendant's fraudulent legal services.

21.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the fraudulent legal services involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

22.     GBC has no adequate remedy at law and, if Defendant's actions are not enjoined, GBC will continue to suffer irreparable harm to its reputation and the goodwill of the GBC brand.

23.     The injuries and damages sustained by GBC have been directly and proximately caused by Defendant's wrongful appropriation and use of the GBC Trademarks in connection with fraudulent legal services.

## COUNT II
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

24.     GBC hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

25.     Defendant is engaged in acts violating Illinois law including, but not limited to, causing a likelihood of confusion and/or misunderstanding as to the source of their legal services, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine GBC legal services, representing that their emails and/or correspondence have GBC's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

26.     The foregoing Defendant's acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

27.     GBC has no adequate remedy at law, and Defendant's conduct is causing GBC to suffer damage to its reputation and associated goodwill.  Unless enjoined by the Court, GBC will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

### PRAYER FOR RELIEF

WHEREFORE, GBC prays for judgment against Defendant as follows:

1)  That Defendant, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a.  using the GBC Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with legal services and correspondence with third parties;

      b.   committing any acts calculated to cause third parties to believe that Defendant's legal services and/or correspondence to third parties are permitted under the authorization, control, or supervision of GBC, or are sponsored by, approved by, or otherwise connected with GBC;

      c.   further damaging GBC's reputation and goodwill;

      d.   aiding, abetting, contributing to or otherwise assisting anyone in using the GBC Trademarks to create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of Defendant's fraudulent legal services; and

      e.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (d);

2)   Entry of an Order that the registrant of Defendant's gbcs.law Domain shall be changed from the current registrant to GBC, and that the domain name registries for the Defendant's gbcs.law Domain shall unlock and change the registrar of record for Defendant's gbcs.law Domain to a registrar of GBC's selection, and that the domain name registrars, including, but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"), shall take any steps necessary to transfer Defendant's gbcs.law Domain to a registrar account of GBC's selection;

3)   That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon GBC a written report under oath setting forth in detail the manner in which Defendant has complied with paragraph 1, (a) through (e), above;

4)   That Defendant account for and pay to GBC all gains realized by Defendant by reason of Defendant's unlawful acts herein alleged;

5)   That GBC be awarded its reasonable attorneys' fees and costs; and

6)  Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, GBC hereby demands a trial by jury as to all issues so triable.

Dated this 12th day of October 2023.          Respectfully submitted,


/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Justin T. Joseph
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
jjoseph@gbc.law

*Counsel for Plaintiff Greer, Burns & Crain, Ltd.*